1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WELLS FARGO BANK NATIONAL
     ASSOCIATION,
11
             Plaintiff,                    CIV. NO. S-12-1155 JAM GGH PS
12
         vs.
13
     VALERIE ROMERO,
14                                         FINDINGS AND RECOMMENDATIONS
             Defendant.
15   _____/

16          This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

17   It was removed from state court on April 30, 2012.

18          A district court has "a duty to establish subject matter jurisdiction over [a]

19   removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life

20   Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see also Kelton Arms

21   Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  Having

22   reviewed the notice of removal, the court finds that the action should be remanded to state court

23   due to lack of subject matter jurisdiction.

24          Removal jurisdiction statutes are strictly construed against removal.  See Libhart

25   v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be

26   rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, 980

                                            1

1  F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party

2  invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994),

3  overruled on other grounds by Leeson v. Transamerica Disability Income Plan, 671 F.3d 969,

4  979 (9th Cir. 2012).

5          A plaintiff may bring suit in federal court if his claim "arises under" federal law.

6  28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A state court defendant

7  cannot invoke the federal court's original jurisdiction.  But he may in some instances invoke the

8  court's removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical

9  to those for invoking its original jurisdiction.  The requirements for both relate to the same end,

10  that is, federal jurisdiction.

11          Removal of a state court action is proper only if it originally could have been filed

12  in federal court.  28 U.S.C. § 1441.  "[F]ederal courts have jurisdiction to hear, originally or by

13  removal, only those cases in which a well-pleaded complaint establishes either that federal law

14  creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution

15  of a substantial question of federal law." Franchise Tax Board v. Construction Laborers

16  Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983).  Mere reference to federal

17  law is insufficient to permit removal.  See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,

18  93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a sufficient basis to remove

19  an action to federal court.  See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs.

20  v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by

21  defendant on the basis that defendant's counterclaim raised a federal question).

22          Here, the exhibits attached to the removal petition establish that the state court

23  action is nothing more than a simple unlawful detainer action, and is titled as such.  (See Dkt.

24  No. 1, at pp. 5-8.)  This court has no jurisdiction over unlawful detainer actions which are strictly

25  within the province of the state court.  Defendant's removal petition alleges jurisdiction under

26  federal law, and states that the demurrer to the complaint was based on defective notice, and

1   failed to comply with the Protecting Tenants at Foreclosure Act, apparently challenging the

2   foreclosure proceedings related to her property.  However, as discussed above, this defense

3   presented in state court cannot provide a sufficient basis to remove the action to federal court.

4   Based on the aforementioned analysis, the court finds that remand is appropriate, because there is

5   no subject matter jurisdiction.

6            For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

7            1.  The action be remanded to the Sacramento County Superior Court, Carol

8   Miller Justice Center;

9            2.  The Clerk be directed to serve a certified copy of this order on the Clerk of the

10  Sacramento County Superior Court, and reference the state case number (11UD05191) in the

11  proof of service; and

12           3.  The Clerk be directed to close this case.

13           These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

15  fourteen (14) days after being served with these findings and recommendations, any party may

16  file written objections with the court and serve a copy on all parties.  Such a document should be

17  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

18  objections shall be served and filed within seven (7) days after service of the objections.  The

19  parties are advised that failure to file objections within the specified time may waive the right to

20  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  DATED: May 9, 2012

22                                 /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

23

24  GGH/076
    WellsFargo1155.rem.wpd

25

26

3